No. 88,875

In the Matter of Jeffrey P. Johnson, *Respondent*.

(55 P.3d 913)

Opinion filed October 25, 2002.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*Jeffrey P. Johnson*, respondent, appeared pro se.

*Per Curiam*: This is an uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against Jeffrey P. Johnson, an attorney admitted to practice law in the State of Kansas. Respondent's last registration address filed with the Clerk of the Appellate Courts of Kansas is in Kansas City, Missouri.

The complaint filed against respondent arises out of a final adjudication in Missouri that respondent was guilty of violating the Missouri Rules of Professional Conduct (Disciplinary Case File No. 99-0737-IV). The complaint herein is filed pursuant to Rule 202 (2001 Kan. Ct. R. Annot. 221), which provides, *inter alia*: "A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state."

The Missouri proceeding involved two separate counts. The first count involved professional misconduct by the respondent in representing a client in an action for fraudulent sale of a wrecked automobile. The second count was based upon respondent's failure to respond to the complaint set out in count I.

By order dated April 2, 2001, the Missouri Supreme Court disbarred the respondent. The disbarment was based primarily on the respondent's failure to timely file an answer or request for hearing within the time required.

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held March 26, 2002. Disciplinary Administrator Stanton A. Hazlett appeared for the Disciplinary Administrator's

office, and the respondent appeared in person and proceeded pro se.

The hearing panel concluded that the respondent's conduct violated KRPC 1.3 (2001 Kan. Ct. R. Annot. 323) (diligence and promptness), 1.4 (2001 Kan. Ct. R. Annot. 334) (communication), 3.2 (2001 Kan. Ct. R. Annot. 398) (expediting litigation), 8.1(b) (2001 Kan. Ct. R. Annot. 433) (misrepresentation), and 8.4(a), and (d) (2001 Kan. Ct. R. Annot. 437) (misconduct). The panel also found respondent violated Kansas Supreme Court Rule 211(b) (2001 Kan. Ct. R. Annot. 259). The panel recommended that the respondent be indefinitely suspended.

The court, having considered the record and the panel's final hearing report, concurs in and adopts the panel's conclusions and recommendations.

IT IS THEREFORE ORDERED that Jeffrey P. Johnson be and he is hereby indefinitely suspended from the practice of law in the State of Kansas, effective the date of this opinion.

IT IS FURTHER ORDERED that Jeffrey P. Johnson shall forthwith comply with the provisions of Supreme Court Rule 218 (2001 Kan. Ct. R. Annot. 276), that the costs of these proceedings be assessed to the respondent, and that this opinion be published in the official Kansas Reports.

LARSON, S.J., assigned.